NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3753
_____

CYRIL RICHARDSON; MEAGHAN RICHARDSON

v.

RANDY DONOVAN; ATTORNEY GENERAL OF THE BRITISH VIRGIN
ISLANDS

Attorney General of the British Virgin Islands,

Appellant

_____

On Appeal from the District Court
for the District of the Virgin Islands
(D.C. Civ. No. 3-08-cv-00144)
District Judge:  Hon. Curtis V. Gómez
_____

Argued May 16, 2016
_____

Before: FUENTES,* VANASKIE, and RESTREPO, *Circuit Judges*.

(Opinion Filed:  December 15, 2016)

Thomas F. Friedberg, Esq.　　　[ARGUED]
Law Offices of Friedberg & Bunge
610 West Ash Street
Suite 1400
San Diego, CA 92166
　　　*Counsel for Plaintiffs-Appellees, Cyril Richardson and Meaghan Richardson*

_____

* The Honorable Julio M. Fuentes assumed senior status on July 18, 2016.

Maria T. Hodge, Esq.          [ARGUED]
Mark D. Hodge, Esq.
Hodge & Hodge
1340 Taarneberg
St. Thomas, VI 00802
     *Counsel for Defendant, the Attorney General of the British Virgin Islands*

_____

OPINION[*]
_____

VANASKIE, *Circuit Judge.*

The Government of the British Virgin Islands ("BVI") appeals the District Court's denial of its motion to dismiss Appellees' complaint on the basis of the Foreign Sovereign Immunities Act ("FISA"), 28 U.S.C. § 1602, *et seq.* Plaintiffs-Appellees Cyril Richardson and Meaghan Richardson, filed suit against the BVI for injuries sustained during a boating accident involving a BVI customs vessel. The BVI is not immune from suit if the mishap occurred within the territorial waters of the United States. *See* 28 U.S.C. § 1605(a)(5) (no immunity to a foreign state in any case "in which money damages are sought . . . for personal injury . . . occurring in the United States and caused by the tortious act . . . of any official or employee of that foreign state while acting within the scope of his office or employment . . . ."). The District Court, without conducting an adversarial evidentiary hearing, but relying instead upon submissions made by the Appellees during proceedings in which the BVI did not participate, ruled that the accident occurred within the United States, thus removing the BVI's immunity from suit in this

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

case. We conclude that it was error to make this significant determination without conducting an adversarial evidentiary hearing. Accordingly, we will vacate the District Court's Order denying BVI's motion to dismiss and remand for further proceedings.

## I.

Because we write primarily for the parties, our discussion of the facts is limited to those necessary to decide this appeal. On December 1, 2007, Meaghan and Cyril Richardson were passengers on a powerboat named the "Guilt Trip," owned by Ryan Uzenski. At approximately 9:15 p.m., the Guilt Trip was stopped by a BVI customs vessel under the control of BVI customs officer Randy Donovan. Eventually, BVI customs officers asked the Richardsons and the other occupants of the Guilt Trip to board the customs vessel. All complied. As the captain of the customs vessel prepared to depart the scene, however, the captain crashed the customs boat into the "Guilt Trip," injuring Meaghan Richardson. Following the accident, BVI customs officials took the Richardsons and the other occupants of the Guilt Trip to the BVI and charged them with illegally entering the BVI. Ultimately, the Richardsons pled guilty to unlawfully entering the BVI.

In November 2008, the Richardsons filed suit against the Attorney General of the BVI and Donovan for injuries stemming from the accident, asserting that diversity jurisdiction and maritime jurisdiction existed. (App. 110, 118.) After believing that they had properly made service of process, and with no responsive pleading or entry of appearance on behalf of the Defendants having been filed, the Richardsons moved for entry of default. In July 2010, a Magistrate Judge determined that the Richardsons

3

properly served the Defendants, but that the Richardsons had not established that the accident occurred in United States waters. (App. 46-49.) Thereafter, the Richardsons filed a second motion for entry of default along with an affidavit by Cyril Richardson regarding the accident's location. (App. 134-36.) In February of 2011, the Magistrate Judge granted the motion for entry of default. (App. 50-51.)

With default having been entered, the case proceeded to a bench trial before a District Judge on August 29, 2011. Two years later, the District Judge issued an order vacating the entry of default, finding that service of process on the BVI had not been effected properly and that Donovan was not an appropriate party to the litigation. (App. 52-53, 82.) The District Judge, however, agreed with the Magistrate Judge that the mishap had occurred "while [the Richardsons] were passengers on a boat in the territorial waters of the United States Virgin Islands . . . " (App. 66) In making this determination, the District Judge relied upon evidence produced by the Richardsons during the August 29, 2011 bench trial.

In October 2013, the Richardsons properly served the BVI. (App. 9.) On November 22, 2013, the BVI moved to dismiss the action for lack of subject matter and personal jurisdiction. The subject matter jurisdictional challenge was premised upon the FSIA. The BVI presented records of the Richardsons' conviction for illegal entry into the BVI and asserted that the convictions conclusively established that the mishap did not occur in U.S. territorial waters. The District Court, substantially relying upon the record created during the bench trial held in 2011 and the Magistrate Judge's findings, rejected the BVI defense and affirmed its conclusion that the accident happened in the territorial

4

waters of the U.S. Virgin Islands.  In March 2015, the District Court denied the BVI's motion for reconsideration.  The BVI timely filed this appeal.

## II.

A foreign state is immune from suit unless an exception to immunity applies under the FSIA.  *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488 (1983).  "The FSIA thus provides the 'sole basis' for obtaining jurisdiction over a foreign sovereign in the United States."  *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 611 (1992).  One exception to immunity is the non-commercial tort exception, which applies in cases "against a foreign state for personal injury . . . ***occurring in the United States*** and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment."  28 U.S.C. § 1605(a)(5) (emphasis added).  We exercise plenary review over the District Court's determination that subject matter jurisdiction exists under the FSIA.[1]  *Fed. Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270, 1282 (3d Cir. 1993).

We apply a burden-shifting framework to determine whether FSIA jurisdiction exists.  *See id.* at 1285.  If the defendant shows that it is a "foreign state," the defendant presumptively has immunity.  *Id.*  The burden then shifts to the plaintiff to show that an exception under the FSIA applies.  *Id.*  However, "the ultimate burden of proving

---

[1] We have jurisdiction to hear this appeal pursuant to the collateral order doctrine. *Fed. Ins. Co.,*12 F.3d at 1282; *see also Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1025 (D.C. Cir. 1997) ("It is well-established that an appeal from a denial of a motion to dismiss a complaint on the ground of sovereign immunity under the FSIA satisfies the three requirements of the collateral order doctrine and may thus be brought on an interlocutory basis.").

immunity from suit lies with the [foreign state]." *Id.*; *see also City of New York v. Permanent Mission of India to the United Nations*, 446 F.3d 365, 369 (2d Cir. 2006), *aff'd and remanded*, 551 U.S. 193 (2007) ("The party seeking to establish jurisdiction bears the burden of producing evidence establishing that a specific exception to immunity applies, but the foreign state then bears the ultimate burden of persuasion on this question.").

The District Court made its conclusion that the accident occurred within U.S. territory in a most unusual procedural context. It relied upon evidence presented ex parte during a bench trial held to determine whether the Richardsons were entitled to a default judgment. It also relied upon the Magistrate Judge's finding that there was "topographical corroboration . . . to establish that the alleged tort occurred in the United States." (App. 25, quoting the Magistrate Judge Order of February 7, 2011.) None of this evidence was tested through the adversarial process.

We have observed that, where the parties dispute a material fact regarding the exercise of subject matter jurisdiction, "the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006). Here, the parties disputed the location of the accident. Both sides presented substantial evidence on this dispositive fact. The resolution of this factual dispute is not readily apparent. Under these circumstances, an evidentiary hearing is required. Therefore, we remand this case for the District Court to hold an evidentiary hearing regarding the location of the accident and to determine whether FSIA jurisdiction exists. *See Reiss v. Société Centrale Du Groupe Des*

6

*Assurances Nationales*, 235 F.3d 738, 748 (2d Cir. 2000) ("We think it essential for the district court to afford the parties the opportunity to present evidentiary material at a hearing on the question of FSIA jurisdiction."); *see also Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*, 615 F.3d 97, 105 (2d Cir. 2010) ("The district court should make this [subject matter jurisdiction and immunity] determination recognizing that a motion to dismiss based on an assertion of sovereign immunity has particular significance because . . . [s]overeign immunity under the FSIA is immunity from suit, not just from liability." (internal quotation omitted)).

III.

For the foregoing reasons, we vacate and remand this case to the District Court to conduct an evidentiary hearing.